# United States District Court

DISTRICT OF ___DELAWARE___

UNITED STATES OF AMERICA
V.
ERIC MOORE

**CRIMINAL COMPLAINT**

CASE NUMBER: 07- 03M-MPT
CR07-66-UNA

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 17, 2005__ in __Kent__ county, in the _____ District of __Delaware__ defendant(s) did, (Track Statutory Language of Offense)

see Attachment A

in violation of Title __18__ United States Code, Section(s) __471, 472, 371__.

I further state that I am a(n) __Secret Service Special Agent__ and that this complaint is based on the following
                                    Official Title

facts:    see attached AFFIDAVIT



FILED
JAN 8 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Continued on the attached sheet and made a part hereof:    [X] Yes    [ ] No

Signature of Complainant
Special Agent Al Lassiter
U.S. Secret Service

Sworn to before me and subscribed in my presence,

Date: Jan 8, 2007    at    Wilmington, Delaware
                            City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

## ATTACHMENT A

The defendant knowingly did, with intent to defraud, falsely make counterfeit obligations of the United States; did, with intent to defraud, pass counterfeit obligations of the United States which the defendant then knew to be counterfeited; and knowingly did conspire with others to make and pass counterfeit Federal Reserve Notes with intent to defraud, and in furtherance of the conspiracy did pass counterfeit notes.

## AFFIDAVIT

I, Al Lassiter, being duly sworn, depose and state:

1. I am a Special Agent with the United States Secret Service. During my employment, I have been trained in the detection and investigation of counterfeit currency, and I have conducted investigations involving counterfeit violations. I am currently assigned to the Wilmington, Delaware Resident Office.

2. On November 23, 2005, the Dover Police Department (DPD), responded to a theft complaint at Target Department Store in 302/741-0434, 148 John Hunn Brown Road, Dover, Delaware 19901. David Schmidt, Target Loss Prevention Manager, informed DPD Officer Mathew Knight that he detained two people for attempting to pass counterfeit FRNs at his store. Schmidt provided Officer Knight with copies of a surveillance video which depicted the two customers paying for merchandise with cash, subsequently determined to be counterfeit Federal Reserve Notes (FRNs) (one $20 FRN series: 2001; serial number CB18564679A and one $50 FRN series: 2001; serial number CA02522861A). Officer Knight detained and transported Lynn Edward Sipe and Emily T. Rowe to DPD Headquarters for further investigation.

3. Continuing on November 23, 2005, Detective Glen Virdin interviewed Lynn Edward Sipe and Emily T. Rowe at DPD headquarters. Detective Virdin reported that, after advising both individuals of their *Miranda* rights, Rowe admitted that she was present when Sipe made multiple purchases at area stores (Wal-Mart, Pep boys and Toys R Us) using currency she later learned was counterfeit. Rowe denied that she had prior knowledge that the currency was counterfeit. Rowe added that, prior to their arrest at Target by Officer Knight, Sipe attempted to conceal the counterfeit notes from Officer Knight by asking her to hold his currency.

4. Continuing on November 23, 2005, Detective Virdin stated that Sipe, post *Miranda*, confessed to using Rowe's computer and scanner to manufacture counterfeit FRNs. Sipe also confessed to knowingly passing the counterfeit FRNs at Target, Wal-Mart and other stores in the Dover Delaware area. Sipe claimed he manufactured approximately $2,000 in counterfeit currency in denominations of $100, $50, $20, $10 and $5 FRNs. Sipe stated that Rowe was not aware that he was manufacturing and passing counterfeit currency. Sipe admitted that he is a drug addict and that he recently manufactured approximately $500 in counterfeit FRNs for one of his drug suppliers. Sipe further stated that his drug supplier requested an additional $2,000 in counterfeit FRNs.

5. On November 24, 2005, after being interviewed by Detective Virdin, Sipe and Rowe provided Detective Virdin with consent to search and seize evidence pertaining to the manufacture of counterfeit currency on Rowe's computer.

6. On January 6, 2006, I met with Detective Virdin at DPD Criminal Investigations Unit (CIU), Dover, Delaware tel: 302/736-7120. Detective Virdin informed me that he resolved and associated $340 in reported counterfeit FRN passes in the Dover area with those to which Sipe confessed on November 23, 2005.

7. Detective Virdin stated that, during a search incident to Sipe's arrest, he recovered a sales receipt from a Wal-Mart in Camden, Delaware. A comparison of the transaction receipt with Wal-mart cash proceeds records revealed that Sipe used a counterfeit $100 FRN (serial number AL85216862C, series 1996), to purchase merchandise for $25.46, receiving $74.54 in genuine currency as change. Detective Virdin stated that Wal-Mart Loss Prevention Manager Eric Mulder verified that Sipe and Rowe passed one counterfeit $100 FRN (serial number AL85216862C, 1996 series) on November 23, 2005. Mulder advised Detective Virdin that he also had a video surveillance recording of Sipe and Rowe making a purchase with cash, later determined to be a counterfeit $100 FRN.

8. Detective Virdin stated that he spoke with Tonya Passero, Store Manager at Pep Boys, Tel: 302/678-2050, 919 N. Dupont Highway, Dover, Delaware. Passero identified Sipe and Rowe as the customers who passed three counterfeit $20 FRNs (serial number CF27409235D, 2001 series) on November 17, 2005. Passero also informed Detective Virdin that Rowe is a former employee of Pep Boys.

9. Detective Virdin stated that John Dillon, Wendy's Restaurant Manager, 302/735-7631, 1596 S. DuPont Highway, reported that that two customers matching the descriptions of Sipe and Rowes passed six counterfeit $20 FRNs (serial number CF27409235D, series 2001), during six separate transactions between 5:40PM and 9:40PM on November 17, 2005.

10. Detective Virdin stated that Rebecca Petersheim, Spences Store Manager, 717/786-9058, 550 S. New Street, Dover, Delaware, reported that a customer matching Sipe's description paid for a $3.99 bottle of apple cider with a counterfeit $20 FRN (serial number CF27409235D, series 2001) on November 18, 2005.

11. Detective Virdin stated that Aaron Davis, Toys R Us manager, 302/736-3343, 1061 N. Dupont Highway, reported that an unknown customer passed one counterfeit $20 FRN (serial number CF27409235D, series 2001) on November 20, 2005.

12. During the subsequent investigation, I noted numerous inconsistencies in Rowe's statements regarding her prior knowledge that the currency was counterfeit. Rowe stated that she observed "sheets of money" in their apartment months ago. Rowe agreed to submit to a polygraph examination to corroborate the information she provided.

13. On February 1, 2006, SA Erik Wolfson and I met with and Detective Virdin at DPD Criminal Investigations Unit (CIU), Dover, Delaware tel: 302/736-7120. During pre-examination preparations, SA Wolfson and I advised Rowe of her *Miranda* rights. Prior to the examination, Rowe provided a full confession regarding her involvement. Rowe stated the following in summary:

> Rowe stated that "in late October or November of 2005, the idea of making counterfeit money was brought to my attention by Ed." Rowe stated that they purchased an All-In-One Printer-Scanner-Copier at Staples so that they could make counterfeit money. Rowe stated that in late October or November, she helped Sipe and a friend, Eric Moore, make counterfeit money by setting up the

printer and installing the software. Rowe stated that she assisted with the process by sizing the notes, centering, aligning, printing and comparing the counterfeit money with genuine notes. Rowe stated that she also ensured that the texture of the counterfeit notes was of similar consistency to that of the genuine currency. Rowe stated that she did not cut any notes. Rowe stated that the denominations that she printed included $5's, $10's and $20's. Rowe admitted that she personally passed counterfeit notes at numerous locations in the Dover, Delaware area. Rowe stated that she, Sipe and Moore collectively printed notes on approximately five occasions at Sipe and Rowe's apartment. Rowe stated that they initially used Sipe's work computer to manufacture counterfeit, and later began using Rowe's home computer. Rowe stated that she manufactured and printed approximately $1,600 in counterfeit currency.

14. On February 1, 2006, Detective Virdin and I re-interviewed Sipe at the DPD. Prior to questioning, Detective Virdin and I advised Sipe of his *Miranda* warnings. After acknowledging and waiving his rights, Sipe confessed to using Rowe's computer and scanner to manufacture between $10,000 and $15,000 in counterfeit currency in denominations of $100, $50, $20, $10 and $5 FRNs. Sipe also confessed to knowingly passing the counterfeit FRNs at Target, Wal-Mart and other stores in the Dover Delaware area. Sipe admitted that Rowe and Moore helped him manufacture and pass counterfeit currency. Sipe stated that he is a drug addict and that he recently manufactured approximately $2000 in counterfeit FRNs for some of drug suppliers.

15. On February 1, 2006, Sipe and Rowe provided SA Lassiter written consent to search their computers for evidence of manufacturing counterfeit currency.

16. On March 24, 2006, SA Lassiter completed a forensic examination of Rowe and Sipe's computers. SA Lassiter recovered several images of United States Currency from Rowe and Sipe's IBM Think Pad laptop computer.

18. On October 3, 2006, SA Shon Sain and I met with Sipe in Dover, Delaware to monitor and record a telephone call between Sipe and Eric Moore. During the telephone call, Moore indicated that he wanted to meet with Sipe sometime in the near future and begin manufacturing counterfeit currency again.

19. On December 21, 2006, SA Mike Armstrong and I monitored and recorded a telephone call between Sipe and Moore. During the telephone call, Moore made several incriminating statements referencing several retailers where he and Sipe passed counterfeit currency in late 2005, to include Wendy's restaurant, Hardy's restaurant and Staples. During the conversation, Moore estimated that he and Sipe passed " $400.00 in counterfeit in one hour at Hardy's." Moore indicated again that he wanted to meet with Sipe sometime in the near future and begin manufacturing counterfeit currency.

 Based on the information listed above, your affiant respectfully requests the Court to issue a criminal complaint and arrest warrants for Eric Moore for violating Title18, United States Code, Section 472.

Special Agent
United States Secret Service